**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lealon Bruce DICKERSON,**
**Defendant–Appellant.**

No. 07–50414.

United States Court of Appeals,
Ninth Circuit.

Submitted June 3, 2008.*

Filed June 6, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Mark R. Rehe, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Timothy A. Scott, Esq., Law Offices of Timothy A. Scott, APC Old City Hall Building, San Diego, CA, for Defendant–Appellant.

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and SINGLETON **, Senior District Judge.

### MEMORANDUM ***

Lealon Bruce Dickerson appeals from his convictions for bringing in an alien for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) and 18 U.S.C. § 2, and for bringing in an alien without presentation, in violation of 8 U.S.C. § 1324(a)(2)(B)(iii). The facts are known to the parties and need not be repeated here.

The district court did not err by admitting, under Federal Rule of Evidence 801(d)(2)(E), out-of-court statements made by the husband of one of the immigrants found in Dickerson's van. We are satisfied that the government established by a preponderance of the evidence the existence of a conspiracy between Dickerson and the immigrant's husband. *United States v. Castaneda*, 16 F.3d 1504, 1507 (9th Cir. 1994) (noting that the government must produce "fairly incriminating" evidence other than "the conspirator statements themselves"). Here, the government produced the following corroborative facts: that the immigrant's husband had arranged for the smuggling of their children into the United States; that, soon thereaf-

ter, she desired to join them; that she called her husband with the intention of arranging to enter the United States; and that, the next day, she met with an individual who had already been contacted by someone other than herself about arranging to smuggle her into the United States. While Dickerson argues that the district court failed to apply the proper standard, the district court explicitly noted that a "preponderance of evidence standard ... applies" to a finding of the foundational facts under Rule 801(d)(2)(E).

Moreover, we conclude that the district court did not err in concluding that the admitted statements were made in furtherance of the conspiracy, because the statements were intended to "keep a person abreast of the conspirators' activities" and "to induce continued participation in the conspiracy." *United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir.1987). Dickerson's argument that the introduction of the hearsay evidence was improper because "the identify of the husband remains unknown" is waived. *See Hale v. U.S. Trustee*, 509 F.3d 1139, 1145–46 (9th Cir.2007) ("[A]rguments not raised by a party in its opening brief are deemed waived.") (quoting *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999)).

Dickerson also argues that, because the offenses of conviction require a showing of a specific intent, the district court erred in giving the jury a deliberate ignorance instruction pursuant to *United States v. Jewell*, 532 F.2d 697 (9th Cir.1976) (en banc). However, while some elements of the offenses of conviction require a showing of intent, others require a minimal showing of knowledge or recklessness. Accordingly, we must conclude that the district court did not err in giving the *Jewell* instruction.

---

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*See United States v. Heredia,* 483 F.3d 913, 921–22 (9th Cir.2007) (en banc).

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable James K. Singleton, United States District Judge for the District of Alaska, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.